Paul B. Meadowbrook
913 1st Ave. E.
Tel 541-791-4544
Fax 541-791-4710
pbmlaw@pacifier.com
OSB No. 79322
  Attorney for Plaintiff

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| PAUL NEUMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>JAMARO, INC., doing business as RICK ROBINSON TRUCKING,<br><br>    Defendant. | Civil No. 6:12-CV-625-AA<br><br>COMPLAINT<br><br><u>Jury trial demanded</u> |

**ORIGINAL**

JURISDICTION AND VENUE

1. This is a civil action for:

    A. Wages, liquidated damages, attorney fees and court costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207 and 216;

    B. Wages, penalty damages, attorney fees and court costs under and under Oregon law, ORS 652.140, 652.150, 652.200, 653.025, 653.261 and OAR 839-020-0030.

    C. Economic and noneconomic damages, reinstatement, attorney

PAGE 1            COMPLAINT
*Neuman v. Jamaro, Inc.*

ORX600007404

fees and court costs for wrongful discharge for opposing wage and hour violations, for opposing use of unsafe vehicles, for opposing pursuant to ORS 659A.203 and 659A.885.

2. Jurisdiction for federal claims is provided by 28 U.S.C. §§ 1331, 1332(e)(1), 1337, 1343(3) and (4) and, 2201 and 2202.

3. Jurisdiction over the supplemental state claims is provided by 28 U.S.C. § 1367.

4. Defendant Jamaro, Inc. is an Oregon corporation doing business as Rick Robinson Trucking, with offices in Benton County, Oregon.

5. Defendant at times material to this complaint employed plaintiff Paul Neuman ("Plaintiff").

6. Defendant provides heavy equipment services, including excavating, road building and septic system installation, using gasoline, equipment, equipment parts and supplies that transited in interstate commerce.

7. On information and belief, Defendant's annual revenues for labor and materials exceed $500,000.

8. Plaintiff's duties included operating vehicles on Highway 101, and repairing vehicles and using gasoline, equipment, equipment parts and supplies, all of which transited in interstate commerce.

9. Venue is appropriate in the United States District Court for the District of Oregon under 28 U.S.C. § 1391(b).

FIRST CLAIM

(FLSA Wage Claims)

10. Plaintiff realleges paragraphs 1-8.

11. Plaintiff's regular hourly wage was $15.

12. Defendant's established payday was 15th of each month.

13. During Plaintiff's employment Defendant did not pay plaintiff for time spent attending mandatory safety meetings or for travel time from the shop to and

from the worksite, didn't pay overtime at time and half, did not pay plaintiff for all hours worked at the scheduled payday, in violation of 29 U.S.C. §§ 206, 207 and 216.

14. As a result of these violations, plaintiff lost wages and is entitled to to economic damages of $10,000 plus $10,000 liquidated damages plus reasonable attorney fees and costs to be determined by the court under 29 U.S.C. §§ 206, 207 and 216 and 28 U.S.C. §§1920 and 1923.

SECOND CLAIM

(Oregon Wage Claims)

15. Plaintiff realleges paragraphs 1-12.

16. Defendant didn't pay plaintiff for time spent attending mandatory safety meetings or for drive time from the shop to worksites, in violation of ORS 652.140, 652.200, 653.025 and 253.261 and Ore. Adm. Rul. 839-020-0030.

17. Defendant often failed to pay wages owed on payday when due, in violation ORS 652.140, 652.200, 653.025 and 253.261 and Ore. Adm. Rul. 839-020-0030.

18. As a result of the violations, plaintiff is entitled to economic damages of $10,000 lost wages, $3,600 penalty wages plus 9 percent pre- and post-judgment interest plus reasonable attorney fees and costs under ORS 652.140, 652.150, 652.200, 653.025 and 253.261 and Ore. Adm. Rul. 839-020-0030 and 28 U.S.C. §§1920 and 1923.

THIRD CLAIM

(Oregon Whistleblower Claim)

19. Plaintiff repleads paragraphs 1-12, 16-17.

20. Plaintiff objected to, but drove, unsafe trucks and heavy equipment, including without limitation trucks and heavy equipment with defects that could have caused braking or turning mechanisms to fail.

21. Plaintiff objected to unsafe electrical wiring and service panels.

PAGE 3                                                                                          COMPLAINT
                                                                                                *Neuman v. Jamaro, Inc.*

22. Plaintiff objected to employment of City of Philomath Fire Marshal Ray Hubbel as Defendant's Safety Manager as a violation of Oregon's government ethics laws.

23. As a result of Plaintiff's objections, Defendant discharged plaintiff on or about October 20, 2011, in violation of ORS 659A.199.

24. As a result of the violations, Plaintiff lost wages and is entitled to economic damages in the amount of $15,120 under ORS 659A.885.

25. As a further result of the damages, Plaintiff suffered lost reputation, humiliation, and mental and emotional distress, for which he is entitled to compensatory damages in the amount of $25,000 under ORS 659A.885.

26. Defendant's actions were malicious and intentional, entitling him to $25,000 punitive damages under ORS 659A.885.

27. Plaintiff's remedies at law are inadequate, entitling him to judgment directing his reinstatement.

28. Plaintiff incurred attorney fees and costs in prosecuting this lawsuit, and is entitled to award of reasonable attorney fees and costs to be determined by the court under ORS 659A.885.

PRAYER

Wherefore, Plaintiff prays for judgment:

1. On the First Claim for judgment for Plaintiff and against Defendant for $10,000 economic damages, $10,000 liquidated damages, plus reasonable attorney fees and costs to be determined by the Court.

2. On the Second Claim for judgment for Plaintiff and against Defendant for $10,000 economic damages for lost wages, $3600 penalty wages, plus 9 percent pre- and post-judgment interest on unpaid wages and reasonable attorney fees and costs to be determined by the court.

3. On the Third Claim for judgment for Plaintiff and against Defendant for $15,120 economic damages, $25,000 compensatory damages, $25,000 punitive

Paul B. Meadowbrook, P.C. - Attorney at Law
913 1st Avenue E., Albany, OR 97321
Tel (541) 791-4544 - Fax (541) 791-4710
pbmlaw@pacifier.com

1  damages, reinstatement, plus reasonable attorney fees and costs to be determined
2  by the court.

4  April 5, 2012

*[signature]*

Paul B. Meadowbrook, OSB No. 79322
Attorney for Plaintiff

Paul B. Meadowbrook, P.C. - Attorney at Law
913 1st Avenue E., Albany, OR 97321
Tel (541) 791-4544 - Fax (541) 791-4710
pbmlaw@pacifier.com

PAGE 5

COMPLAINT
*Neuman v. Jamaro, Inc.*